WELSH v. WELSH.

DIVORCE—AMENDMENT OF DECREE—UNSOUGHT RELIEF.

Amendment of decree of divorce reducing alimony and extending time for payment thereof was erroneous where sole issue before court was whether or not decree which had been regularly entered without defendant having filed an appearance should be set aside on defendant's amended motion to set decree aside and neither his original nor amended motion asked for such other relief as the court might wish to grant.

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted June 9, 1950. (Docket No. 52, Calendar No. 44,802.) Decided September 12, 1950.

Divorce proceedings by Doris Welsh against Howard Welsh. On petition of defendant for rehearing. Rehearing denied but decree amended. Plaintiff appeals. Reversed.

*V. O. Braun* and *Kenneth B. Kelly,* for plaintiff.

*Ralph B. Hoschner,* for defendant.

SHARPE, J. Plaintiff, Doris Welsh, and defendant, Howard Welsh, were married June 24, 1944. The parties separated in April, 1946 and on November 24, 1948, plaintiff filed her bill for divorce. Defendant was served with summons and petition for tem-

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur, Divorce and Separation, §§ 451, 650.

porary alimony and attorney fees. On December 6, 1948, plaintiff was awarded temporary alimony and attorney fees. On January 31, 1949, a default was filed by plaintiff and she was granted a decree of divorce as a pro confesso case. The decree recited that defendant pay plaintiff the sum of $600 as alimony which amount included attorney fees and temporary alimony which had not been paid. On February 1, 1949, and March 11, 1949, plaintiff's attorney wrote defendant urging him to comply with the terms of the decree.

Plaintiff filed a petition in the circuit court of Shiawassee county, in chancery, returnable April 18, 1949, asking for an order to show cause why defendant should not be adjudged in contempt of court for not complying with the terms of the decree. On April 18, 1949, defendant and his attorney came into court and asked that the contempt hearing be adjourned for the reason that he intended to file a petition to set aside the decree of divorce. An order was entered adjourning the matter to April 25, 1949. On April 22, 1949, a motion was filed by defendant to set aside the decree of divorce, the same to be heard April 25, 1949. Thereupon, plaintiff filed an objection to this motion and moved to dismiss it for the reason that the same was not served on plaintiff within more than 4 days of the date of hearing. The court ordered defendant's motion dismissed and the hearing on the order to show cause was adjourned to May 2, 1949, in order to give defendant another opportunity to file a second motion to set aside the decree.

Defendant filed an "amended" motion to set aside the decree and for a rehearing dated April 28, 1949, the same to be heard May 2, 1949. An answer was filed to the amended motion which included a motion to dismiss the amended motion. On May 5, 1949, plaintiff's motion to dismiss was denied and after

hearing, the motion to set aside the decree of divorce was denied.

On July 26, 1949, a proposed order amending the decree of divorce was noticed for hearing for August 1, 1949. Plaintiff filed objections to the proposed decree. The amended decree was signed August 1, 1949, and provided that plaintiff was to receive $275 which included alimony and attorney fees, payable at the rate of $15 per week beginning June 29, 1949.

Plaintiff appeals and urges that the trial court did not have jurisdiction to give the relief granted under the amended motion filed by defendant.

In coming to our conclusion in this case we have in mind that the decree for divorce was regularly entered on January 31, 1949, without an appearance having been entered by defendant; that on April 22, 1949, defendant filed a motion to set aside the decree of divorce with a supporting affidavit of defendant Howard Welsh; that this motion was dismissed by an order of the court with permission to file a second motion; and that the second motion was an amended motion which made reference to the original motion. We note that the motion and amended motion filed by defendant were to set aside the divorce decree and for a rehearing. The prayers in the motions do not ask for such other relief as the court might wish to grant. Under the pleadings the issue before the court was whether or not the decree of divorce should be set aside and the cause opened for the filing of pleadings. The trial court denied defendant's motion to set aside the decree of divorce and stated in his opinion that there was no fraud in the granting of the decree of divorce. When the order was entered denying the motion to set aside the decree of divorce there was no other issue before the court. There was no petition by defendant to amend the divorce

decree and it was error to enter an order amending the decree.

The order dated August 1, 1949, amending the decree is reversed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.